IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      **Plaintiff-Respondent,**

v.                                                      No. CIV 99-0346 BB/JHG
                                                                     CR 98-73 BB

HARRISON NEZ,

      **Defendant-Movant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

### PROPOSED FINDINGS

1. This matter is before the Court on Petitioner's (Nez) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Nez attacks the Judgment entered on July 28, 1998, in the case styled *United States of America v. Harrison Nez*, and numbered CR 98-073 BB, United States District Court for the District of New Mexico.

2. On April 23, 1998, Nez pleaded guilty to second degree murder in violation of 18 U.S.C. §§ 1153 and 1111. On July 2, 1998, Nez was sentenced to 96 months incarceration, to be

followed by five years supervised release. Nez did not file a direct appeal.

3. In his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, Nez presents the following issue for review:

**I. Denial of effective assistance of counsel.**

4. The Court has determined the motion, files and records of the case conclusively show Nez is entitled to no relief. Therefore, an evidentiary hearing is not required. 28 U.S.C. § 2255.

5. A preliminary question is whether the issue raised in this action is procedurally barred by *United States v. Frady*, 456 U.S. 152 (1982). Section 2255 is not available to test the legality of matters which should have been addressed on direct appeal. *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). A movant who failed to present an issue on direct appeal is barred from doing so in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or unless he can show a fundamental miscarriage of justice will occur if his claim is not addressed. *Id.*

6. The procedural bar rule of *Frady*, however, does not apply to claims of ineffective assistance of counsel. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). Therefore, the Court will address his claim.

7. In order to establish ineffective assistance of counsel, Nez must show his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceedings would have been different. *United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995)(citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Nez has the burden of establishing both prongs of *Strickland*. *Hatch v. Oklahoma*, 58 F.2d 1447, 1457 (10th Cir. 1995).

8. Nez complains his attorney was ineffective because he failed to object to the charges brought against him which Nez claims were inappropriate, failed to argue the lack-of-malice-aforethought prior to this guilty plea or failed to raise it on appeal. In order to convict Nez of second degree murder, the government had to prove Nez was driving while intoxicated and he was driving with a callous and wanton disregard for human life. *United States v. Soundingsides*, 820 F.2d 1232, 1237 (10th Cir. 1987). Moreover, a second degree murder charge does not require proof of a specific intent to kill the victim, only a general intent. *Id.*

A review of the record reveals defense counsel strenuously argued at the preliminary hearing before the magistrate judge that, instead of second degree murder, the proper charge was involuntary manslaughter because there was insufficient evidence to show that Nez had acted with malice aforethought. **Tr. of Pro. 1/22/98, 31-35**. The magistrate judge considered the following facts presented at Nez' preliminary hearing and found probable cause to charge Nez with second degree murder: (1) Nez had two prior DWI convictions; (2) Nez drove while intoxicated as indicated by a blood alcohol level more than three times the legal limit; (3) Nez was driving recklessly and refused a request from his passenger to let him drive; (4) Nez would slow down and then speed up to prevent cars from passing him; (5) Nez was weaving all over the road, often crossing the centerline; (6) Nez was driving on the wrong side of the road when he first saw the victims' car coming at him 200 feet away; (7) Nez made no effort to avoid the car and did not brake to give the driver a chance to avoid him; and (8) Nez told officers that he chose to collide head-on into the victims' vehicle because if he had swerved either right or left, he would have rolled his truck and died **Tr. of Pro. 1/22/98**. Based on these fact, the second degree murder charges were proper.

3

The file also establishes defense counsel could not raise the issue on appeal. Nez had given up his right to appeal his sentence when he entered into his plea agreement. **Tr. of Proc. 4/23/98, 14.** Nez' claim of denial of effective assistance of counsel is without merit. He has failed to demonstrate either that his attorney's performance fell below an objective standard of reasonableness or that he was prejudiced thereby.

## RECOMMENDED DISPOSITION

Nez' Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**